IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL A. BACON,<br><br>          Plaintiff,<br><br>v.<br><br>CORIE HAMILTON, ET AL.,<br><br>          Defendants. | **REPORT AND RECOMMENDATION GRANTING PLAINTIFF'S MOTION TO DISMISS and TERMINATING OTHER MOTIONS AS MOOT**<br><br>Case No. 2:15-cv-00179-DN-BCW<br><br>Judge David Nuffer<br><br>Magistrate Judge Brooke C. Wells |

Plaintiff Michael A. Bacon (Bacon) moves the court to appoint him counsel (ECF Nos. 62, 65 and 71), grant him an evidentiary hearing on alleged lost property (ECF No. 73) and for disposition of monetary damages on the alleged lost property (ECF No.74.)  Bacon has also filed a motion alleging the court should assert ancillary jurisdiction (ECF No. 76.)  Defendant Pat Mount (Mount) moves to dismiss Bacon's *Second Amended Complaint* because since Bacon failed to pursue available state law remedies his §1983 claim is not ripe and this court thus lacks subject matter jurisdiction. (ECF No. 64.)  This matter is referred to the undersigned in accordance with 28 U.S.C. 636(b)(1)(B) by Judge David Nuffer (ECF No. 38.)  The court finds the papers filed by the parties sufficient and thus no hearing on any motion is necessary.

## BACKGROUND

In February and March 2014, Bacon was involved in numerous bank and credit union robberies.[1]  On June 29, 2015, during his Plea and Sentence Hearing in the criminal proceeding,

---

[1] *See* Case No. 2:14-cr-00563-DN, ECF No. 1.

Bacon requested a return of "his personal property."[2]  The court ordered that once "the term for appeal has expired, any federal hold on the defendant's property is to be released to the defendant or a representative of the defendant."[3]  Bacon proceeded to enter a plea agreement pursuant to Federal Rule Criminal Procedure 11(c)(1)(C) and was sentenced in July 2015.[4]

In February 2016, Bacon filed a *Motion for Order to Show Cause* under Rule 41(g) of the Federal Rules of Criminal Procedure alleging when his counsel Adam Bridge went to retrieve his property seized from the Salt Lake City Police Department during the arrest some of it was missing.[5]  In that motion, Bacon requested counsel be appointed to assist him and also that the court issue an order for the reimbursement "for the loss of his personal property."[6]  The court held a hearing on the motion, which Bacon attended telephonically.[7] The court appointed Mr. Bridge to represent Bacon during the hearing.[8]  Thereafter, the court issued a *Memorandum Decision and Order Denying Motion for Order to Show Cause* (Order).[9]

The court noted that "with the exception to title to a vehicle, [Mr. Bacon] did not identify the property that he claims is missing."[10] The court also noted that "Mr. Bacon has filed a separate action (and referenced this case number in a footnote), against certain Salt Lake City police officers seeking damages for his missing property."[11]  The court denied Bacon's motion

---

[2] *Id.* at ECF No. 18.

[3] *Id.*

[4] *See* ECF Nos. 19 and 24, respectively.

[5] *See* 2:14cr00563, ECF No. 26.

[6] *Id.*

[7] *Id.* at ECF No. 34.

[8] *Id*. at ECF No. 33.

[9] *Id*. at ECF No. 39.

[10] *Id*. at 3.

[11] *Id.*

for three reasons: (1) "[g]iven the equitable nature of Rule 41(g), the relief Mr. Bacon seeks is more appropriately raised through other available remedies at law, including Mr. Bacon's pending federal civil action or state causes of action[;]"[12] (2) the property seized from Bacon could be classified "as contraband and evidence of Mr. Bacon's bank robberies;"[13] and (3) to "the extent Mr. Bacon seeks monetary relief for this missing property, sovereign immunity divests the court of subject matter jurisdiction over his claim."[14]  Bacon is currently appealing that decision in the Tenth Circuit.

Eighteen months after the court issued the ruling referenced above, with the assistance of appointed counsel, Bacon filed a *Second Amended Complaint*, which for the first time contains an itemized list of the alleged missing items.[15]  The items Bacon claims were not returned to him include among other things: a fake mustache and wig, various hats, three lighters, headphones, a package of razor blades, various folding knives, two pairs of sunglasses, an electronic pocket scale, scissors, a plastic spoon, a phone charger, and an oxygen type mask.[16]  The complaint currently before the court alleges a single cause of action under 42 U.S.C § 1983.

The crux of Bacon's §1983 claim are the following allegations.  On April 9, 2015 Detective Mount of the Salt Lake Police Department released several pieces of seized property to Bacon's ex-wife, Frieda Coleman including keys and title to a van.[17]  Thus, when Bacon's former counsel went to retrieve the property after conclusion of the federal and state prosecutions

---

[12] *Id*. at 3.

[13] *Id*. at 2.

[14] *Id*. at 3.

[15] *See* ECF Nos. 50-1 and -2.

[16] *Id.*

[17] *See* ECF No. 50 at ¶¶ 13-17.

he recovered some but not all of Bacon's property.[18]   According to Bacon, because Defendants

are no longer in possession of the missing property, the procedures under Utah Code § 24-3-104

are inadequate.[19]   Bacon also claims tort claims against the Defendants would be futile.[20]

## DISCUSSION

### I.     MOTION TO DISMISS

Rule 12 (b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be

dismissed for "failure to state a claim upon which relief can be granted."[21]   To survive a motion

to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'"[22]

"It is well settled that § 1983 does not create a denial of property without due process

where an alternative state remedy provides due process."[23]   In fact, even "'an unauthorized

intentional deprivation of property by a state employee does not constitute a violation of the

procedural requirements of the Due Process Clause of the Fourteenth Amendment if post-

deprivation remedy for the loss is available.'"[24] Thus, to state a due process claim under § 1983,

a plaintiff must plead "that he unsuccessfully sought redress for his property loss in the state

court," or that the state post-deprivation remedies are "inadequate or unavailable to him."[25]

---

[18] *Id*. at ¶20.

[19] *Id.* at ¶34.

[20] *Id.* at ¶35.

[21] F.R.Civ.P. 12(b)(6).

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[23] *Wallace v. Carver*, 2:06-cv-780-DS, 2008 WL 4154413, at *2 (D. Utah 2008) (unpublished) (*citing Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

[24] *Id*. (*citing Hudson*, 468 U.S. at 533).

[25] *Id*. at *2.

Here, viewing the allegations in the *Second Amended Complaint* in the light most favorable to Bacon, he pled the post-deprivation remedies are inadequate because since his property is missing even if he filed a petition under Utah Code § 24-3-104 it would be futile. Also, Bacon appears to allege that since filing a petition under Utah Code § 24-3-104 would be futile he should be exempt from this pre-requisite.

In the case of *Pinder v. Mitchell*, the Tenth Circuit reviewed this question and held gun owners were required to avail themselves of state-law procedures to seek the return of firearms, cases and ammunition held as evidence for eighteen years in a murder investigation before bringing due process claims under § 1983.[26]  Like Bacon, the Pinders argued they should not be required to pursue a post-deprivation hearing in state court before bringing an action in federal court because "such remedy is necessarily inadequate."[27]  The appellate court did not find the argument availing.  Here, it is undisputed Bacon has not requested a hearing under Utah Code § 24-3-104.[28]

Moreover, the Tenth Circuit has held the Governmental Immunity Act waives the state's sovereign immunity for "any action brought to recover, obtain possession of, or quiet title to real or personal property."[29]  Thus, Bacon could have pursued a tort action against the Defendant for the missing property.  Like the Pinders, Bacon has remedies available in the state to obtain the missing property.  Accordingly, based on the precedent set by *Pinder v. Mitchell*, this court must

---

[26] 658 Fed. Appx. 451 (10th Cir. 2016).

[27] *Id*. at 454.

[28] *See* ECF No. 50, *generally.*

[29] *Id*. at 456 (*citing* Utah Code Ann. §63G-7-301(2)(a)).

dismiss Bacon's § 1983 claim for lack of ripeness and subject matter jurisdiction as Bacon has not fully pursued available state-court remedies.[30]

## II.     OTHER MOTIONS

Since the court lacks subject matter jurisdiction, all of Bacon's other motions are MOOT.

### ORDER

For the reasons set forth above, the court RECOMMENDS that Defendants' Motion to Dismiss (ECF No. 64) be GRANTED.   Likewise, the court RECOMMENDS that Bacon's remaining motions (ECF Nos. 62, 65, 71, 73 and 74 and 76) be terminated as MOOT.

DATED this 12th day of April, 2018.

Brooke C. Wells
United States Magistrate Judge

---

[30] *Id*. at 456-7.

## NOTICE

The court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[31]  The parties must file an objection to this Report and Recommendation within fourteen (14) days of service thereof. [32]  Failure to object may constitute waiver of objections upon subsequent review.

---

[31] *See* 28 U.S.C. § 636(b)(1); FRCP 72(b).

[32] *Id.*