IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL A. BACON,<br><br>Plaintiff,<br><br>v.<br><br>CORIE HAMILTON, ET AL.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:15-cv-00179-DN-BCW<br><br>District Judge David Nuffer |

The Report and Recommendation[1] ("R&R") issued by United States Magistrate Judge Brooke C. Wells recommends that Defendants' Motion to Dismiss[2] be granted; that the Plaintiff's other motions[3] be terminated as moot; and that the case be dismissed.

Plaintiff Michael A. Bacon ("Bacon") timely filed an Objection[4] and Memorandum[5] in Support of his Objection to this R&R. Mr. Bacon also untimely filed a second[6] and third[7] Memorandum in Support of his Objection. Defendants unnecessarily[8] filed a response[9] to Mr.

---

[1] Report and Recommendation Granting Plaintiff's Motion to Dismiss and Terminating other Motion as Moot ("R&R"), docket no. 81, filed April 12, 2018.

[2] Defendant's Motion to Dismiss for Failure to State a Claim and Memorandum in Support ("Motion to Dismiss"), docket no. 64, filed Feb. 12, 2018.

[3] Docket Nos. 62, 65, 71, 73, 74, and 76.

[4] Objection to Magistrate Judges *[sic]* R&R ("Objection"), docket no. 84, filed April 20, 2018.

[5] Memorandum in Support of Objection to Magistrate Judges *[sic]* R&R ("Memorandum"), docket no. 85, filed April 25, 2018.

[6] Second Memorandum in Support of Objection to Magistrate Judges *[sic]* R&R ("Second Memorandum"), docket no. 86, filed April 30, 2018.

[7] Third Memorandum in Support of Objection to Magistrate Judges *[sic]* R&R ("Third Memorandum"), docket no. 88, filed May 9, 2018.

[8] *see* DUCivR 72-3(b).

[9] Response to Plaintiff's Objections to Report and Recommendation ("Response"), docket no. 87, filed May 1, 2018.

Bacon's Objection. Because Mr. Bacon is representing himself *pro se*, all of the above were considered in preparing this decision. De novo review has been completed of those portions of the R&R, the proposed findings and recommendations to which objection was made, including the record that was before Magistrate Judge Wells and the reasoning set forth in the R&R.[10] For the reasons discussed below, Plaintiff's objections are OVERRULED and the R&R is ADOPTED, granting Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

In her R&R, Magistrate Judge Wells concludes that Mr. Bacon's § 1983 claim should be dismissed for "lack of ripeness and subject matter jurisdiction as Bacon has not fully pursued available state-court remedies,"[11] specifically by failing to file a petition under Utah Code § 24-3-104. In *Pinder v. Mitchell*[12] the Tenth Circuit describes three types of § 1983 cases, two of which do not require exhausting state remedies while the third does. The two types that do not require exhausting state remedies are those which allege "(1) deprivations of rights guaranteed by the Bill of Rights and incorporated by the Due Process Clause, [or] (2) substantive due process rights."[13] The third type of case — that requires exhausting state remedies — arises "when a plaintiff complains that his procedural due process rights were violated."[14]

Mr. Bacon's § 1983 claim is of the third type, that requires exhausting available state remedies. In his Second Amended Complaint,[15] Mr. Bacon alleges the Defendants improperly disposed of Mr. Bacon's property after seizing it in connection with his arrest for bank robbery.[16]

---

[10] 28 U.S.C. § 636(b).

[11] R&R at 6.

[12] *Pinder v. Mitchell*, 658 Fed.Appx. 451, 453-54 (10th Cir. 2016).

[13] *Id.* (citing *Zinermon v. Burch*, 494 U.S. 113, 124–25, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990)).

[14] *Id*.

[15] Second Amended Civil Rights Complaint ("Complaint"), docket no. 50, filed 12/29/2017.

[16] *Id*. at 7; *See generally United States v. Bacon*, Case No. 2:14-cr-563.

Mr. Bacon claims a violation of his procedural due process rights. Therefore, Mr. Bacon's § 1983 claim falls under the third category described in *Pinder*. The Tenth Circuit requires Mr. Bacon to exhaust all state remedies prior to pursuing any federal remedies.

In his Objection, Mr. Bacon asserts that filing under Utah Code § 24-3-104 would be futile and inadequate because (1) § 24-3-104 provides relief by returning seized property which he claims the government does not hold,[17] and (2) the Utah statute does not provide for monetary damages in the event the government improperly disposes of held property.[18]

The Tenth Circuit in *Pinder* ruled that post-deprivation remedies must still be sought unless they are inadequate.[19] There is no dispute that Mr. Bacon's property was seized by the Utah State government. Even though there was a federal hold on the property due to a pending federal case, the property was physically held by the Salt Lake Police Department. It was this state entity that allegedly improperly disposed of Mr. Bacon's property. The property was never held by this court or a federal entity. Therefore, the proper forum for recovery of those items is in the Utah State courts. Mr. Bacon even stated that he believed, after the property had been improperly disposed of, that some of it had been again impounded by a state entity, the West Bountiful Police Department.[20] Therefore it appears some of the property is again in possession of state authorities. Mr. Bacon has the burden of proving that state remedies are inadequate.[21] It appears that some of the property is still with state authorities so that § 24-3-104 is adequate

---

[17] Objection at 3.

[18] Third Memorandum at 3.

[19] *Pinder*, 658 Fed.Appx. at 453-55.

[20] Official Transcript of Hearing held April 20, 2016, case no. 2:14-cr-00563-DN, docket no. 55 at 19-20, filed Aug. 9, 2016.

[21] *Wallace v. Carver*, 2:06-cv-780-DS, 2008 WL 4154413, at *2 (D. Utah 2008) (unpublished) (citing *Hudson v. Palmer*, 468 U.S. 517, 535 (1984) *(*holding that Plaintiff has the burden of proving state remedies are inadequate and state remedies cannot be deemed inadequate simply because they do not allow the plaintiff to recover the full amount of the lost property.)).

(under *Wallace* and *Pinder*) because the property may be recovered from the West Bountiful State Department. Because *Pinder* requires post-deprivation remedies to be exhausted, and because § 24-3-104 is an adequate remedy that Mr. Bacon must exhaust before making a § 1983 claim in federal court, his Complaint fails to state a claim upon which this court can grant relief.

In the R&R, Magistrate Judge Wells also alludes to two other potential remedies available at the state court level. The first is a tort claim under Utah Code Ann. § 63G-7-301(2)(a), and the second is a takings claim under the Utah Constitution as described in *Pinder*.[22] Mr. Bacon makes no mention of either of these remedies available to him in his Objection, nor in any of his Memoranda in Support of his Objection. As such, any objections Mr. Bacon has about these claims are effectively waived and they stand as possible state remedies he must exhaust before bringing a § 1983 claim in federal court. Even had Mr. Bacon timely objected to these remedies as being inadequate, the analysis under *Pinder* would be the same: where post-deprivation remedies are provided by the state, they are not inherently inadequate and must be exhausted.[23]

In his complaint, Mr. Bacon cites to two cases, *Wingfield*[24] and *Brown*,[25] to support his allegation that his claim is properly before the federal court system and should therefore be heard. However, in both of these cases the federal government obtained original physical possession of the property in question. Here, the property was never held by the federal government. Therefore, *Wingfield* and *Brown* are distinguishable and do not apply.

---

[22] *Pinder*, 658 Fed.Appx. at 456 (citing Utah Const. art. 1, § 22)

[23] *Pinder*, 658 Fed.Appx. at 453-55.

[24] *U.S. v. Wingfield*, 822 F.2d 1466 (10th Cir. 1987).

[25] *Brown v. U.S.*, 692 F.3d 550 (6th Cir. 2012).

In his Memorandum in support of his Objection, Mr. Bacon attempts to alter his complaint to include an allegation that the Defendants violated his Fourth Amendment rights.[26] However, Mr. Bacon failed to request this amendment before the submission of the R&R, and therefore his Motion to Amend is not timely for this action and will not be considered.

The analysis and conclusion of Magistrate Judge Wells are correct. Therefore, the analysis and conclusion of Magistrate Judge Wells are accepted and the R&R[27] is adopted.

## ORDER

IT IS HEREBY ORDERED that the R&R[28] is ADOPTED and this case is DISMISSED without prejudice.

The Clerk is directed to close the case.

Dated June 5, 2018.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[26] Memorandum, docket no. 85 at 3.

[27] R&R, docket no. 81.

[28] *Id.*